[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 16, 2011
JOHN LEY
CLERK

No. 10-13838
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-20602-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 16, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Willie Walker appeals his conviction and sentence of 188 months of

imprisonment for being a felon in possession of a firearm.  18 U.S.C. §§ 922(g)(1),

924(e)(1). Walker challenges the denial of his motion to suppress the firearms found in his apartment, the constitutionality of section 922(g), and the reasonableness of his sentence. We affirm.

The district court did not err when it denied Walker's motion to suppress evidence discovered during a warrantless entry of his apartment. Walker concedes that Officer Emile Wilson had probable cause to follow Walker in hot pursuit into his apartment based on exigent circumstances. Walker argues that the exigency ended at his arrest and the later search of his residence was illegal, but Wilson and other officers were entitled to search Walker's home to ensure their safety. See United States v. Standridge, 810 F.2d 1034, 1037 (11th Cir. 1987). "Such a security sweep is particularly reasonable where . . . [the] officers [were] arresting a suspect they believe[d] to be armed and dangerous, who [was] not . . . alone and who in fact physically resist[ed] the arrest." Id. Officer Wilson was entitled to seize a duffle bag that had one gun protruding from its opening, see id. at 1038 ("If the officers spot evidence during a protective sweep, they may seize it."), and two other guns concealed inside.

Walker also argues that section 922(g)(1) is "unconstitutional because the possession of firearms by a convicted felon does not have a substantial effect on interstate commerce," but his argument is foreclosed by precedent. In United

States v. McAllister, 77 F.3d 387, 389–90 (11th Cir. 1996), this Court held that section 922(g)(1) prohibits possession of a firearm "in or affecting commerce," and that "jurisdictional element defeats [a] facial challenge" to the provision. Id. at 390.

Walker's sentence is reasonable. Walker, an armed career criminal, was apprehended in possession of a .22LR caliber revolver, a .32 caliber revolver, and a .410 bore shotgun pistol. Walker had an extensive criminal history that included convictions for grand theft, burglary, robbery, assault and battery, resisting an officer with violence, and selling a controlled substance. The district court reasonably determined that a sentence of 188 months of imprisonment would provide adequate punishment, deter Walker from future similar crimes, and protect the public. See 18 U.S.C. § 3553(a). The district court did not abuse its discretion by sentencing Walker at the low end of the guideline range and well below the statutory maximum sentence.

We **AFFIRM** Walker's conviction and sentence.